This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. What is the authority of a city, town, or county to apportion local sales taxes, other local taxes and local fees pursuant to Article X, Section 6C of the Oklahoma Constitution and the Local Development Act, 62 O.S. 2001 Supp. 2008, §§ 850 — 869?
 2. What effect does the Streamlined Sales and Use Tax Administration Act, ("Streamlined Administration Act"), 68 O.S. 2001 Supp. 2008, §§ 1354.14 — 1354.23, have, if any, on the power of apportionment granted to cities, towns, and counties under the Local Development Act?
 INTRODUCTION
This office previously opined on Tax Increment Financing ("TIF").See A.G. Opin. 09-13. In that Opinion the discussion regarding sales TIF districts was based on a specific fact pattern. Your new questions and the discussion that follows expands and clarifies the analysis in the previous Opinion, regarding whether a city, town or county, as taxing jurisdiction and creator of a sales TIF district, may lawfully allocate sales taxes between the area comprising the sales TIF district and other locations in the city, town or county outside sales TIF district boundaries.
1. What is the authority of a city, town, or county toapportion local sales and use taxes and other local fees pursuant toArticle X, Section 6C of the Oklahoma Constitution and the LocalDevelopment Act?
Article X, Section 6C(B) of the Oklahoma Constitution authorizes legislation permitting cities, towns, or counties to:
 [U]se local taxes and local fees, in whole or in part, for specific public investments, assistance in development financing, or as a specific revenue source for other public entities in the area in which the improvements take place and may direct the *Page 2 
apportionment of the taxes and fees specified in this subsection for the purposes specified in this section.
Id. Under the Local Development Act, "`Local taxes' means ad valorem taxes, sales taxes and other local taxes which are levied by or on the behalf of a taxing entity[.]" 62 O.S.Supp. 2008, § 853[62-853](10).
The definitions of "apportionment" and "increment" address the scope of apportionment authorized by the Local Development Act:
 1. "Apportionment" means the direction by a governing body, authorized by the Legislature pursuant to Section 6C of Article X of the Oklahoma Constitution, to apply all or any portion of an increment of ad valorem taxes and all or any portion of sales taxes, other local taxes or local fees, or any combination thereof, to financing a plan and project in accordance with this act;
 . . . .
 9. "Increment" means that portion of ad valorem taxes in excess of the amount of that portion of the taxes which are produced by the levy at the rate fixed each year by or for each such ad valorem taxing entity upon the base assessed value of the district or as to an area later added to the district, the effective date of the modification of the plan, or that portion of sales taxes, other local taxes or local fees collected each year reasonably determined by a formula approved by the governing body to be generated by the project, which may be apportioned for specific project costs or as a specific revenue source for other public entities in the area in which the project costs take place[.]
Id. (emphasis added) (footnote omitted).
The Local Development Act permits establishment of sales TIF districts for allocation to project costs and, additionally, for possible allocation to a public entity: "A project plan may contain a provision that the increments from certain local taxes or fees may be used to finance project costs in areas qualified under the Local Development Act." Id. § 861(A). Regarding the taxes that may be apportioned, the Local Development Act in pertinent part provides that:
 2. All or any portion of:
 . . . .
 b. the increment of local sales taxes, other local taxes or local fees, or a combination thereof, paid to or for the benefit of the city, town, or county approving the plan, and *Page 3 
 c. with its consent, evidenced by agreement in writing, the increment of local sales tax, other local taxes or local fees, or combination thereof, payable to any other local public taxing entity,
 shall be apportioned to, and when collected, shall be paid into an apportionment fund established for the project pursuant to the project plan.
Id. (emphasis added).
Thus, the authority to apportion local sales taxes, other local taxes and local fees is clearly found in Article X, Section 6C of the Constitution and provisions of the Local Development Act. Unlike ad valorem tax increments, which are expressly limited to revenues based on values within the district, the Local Development Act contains no geographical restriction on the apportionment of local sales taxes, other local taxes or local fees. With respect to the increment of local sales taxes, other local taxes and local fees, the Local Development Act provides that they be "reasonably determined by a formula approved by the governing body to be generated by the project." Id. § 853(9).
Webster's Third New International Dictionary defines "generate" as "to cause to be : bring into existence," or "to be the cause of." Id. at 945. The Constitution and the Local Development Act authorize the taxing jurisdiction establishing a TIF district to apportion its local sales taxes, other local taxes and local fees that it reasonably determines to begenerated by the project under a formula approved by its governing body. In addition, the authority to apportion local sales taxes, other local taxes and local fees extends even to local sales taxes, other local taxes and local fees otherwise payable to another taxing jurisdiction, provided: (1) it is reasonably determined under the formula that such local sales taxes, other local taxes or local fees are generated by the project; and (2) such apportionment has the consent of the taxing jurisdiction to which such local sales taxes, other local taxes or local fees would otherwise be payable. 62 O.S.Supp. 2008, § 861[62-861](A)(2)(c). A governing body can establish an allocation formula for a sales TIF district like that described in A.G. Opin. 09-13, [1] but it is not limited to that structure.
2. What effect does the Streamlined Administrative Act have, ifany, on the power of apportionment granted to cities, towns, andcounties under the Local Development Act?
Cities, towns and counties are authorized to enact their own sales tax code. See 68 O.S. 2001 Supp. 2008, §§ 2701(A), 1371;see also A.G. Opin. 03-29, at 161-165. Cities and towns may enact a *Page 4 
code that taxes goods and services differently than the State of Oklahoma. OKLA. CONST. art X, §§ 12,20; 68 O.S.Supp. 2008, § 2701[68-2701](A). Counties may impose a sales tax only on goods or services upon which a sales tax is levied by the State of Oklahoma. OKLA. CONST. art X, §§ 12, 20; 68 O.S.Supp. 2008, § 1370[68-1370](A), (C). Cities, towns and counties may contract with the Oklahoma Tax Commission for the collection of their sales tax if they agree to tax only those goods and services taxed by the State of Oklahoma. 68 O.S. 2001 
Supp. 2008, §§ 2702, 1371; see also A.G. Opin. 03-29, at 165. Thus, cities, towns and counties are "taxing jurisdictions." Id.
The purpose of the Streamlined Administration Act is stated in 68 O.S.Supp. 2008, § 1354.16[68-1354.16], which provides:
 The Legislature finds that a streamlined sales and use tax system will reduce and, over time, eliminate the burden and cost for all vendors to collect sales and use taxes levied by this state and its political subdivisions. The Legislature further finds that this state should enter into the Streamlined Sales and Use Tax Agreement to simplify and modernize sales and use tax administration in order to substantially reduce the burden of tax compliance for all sellers and for all types of commerce.
 Id. This purpose is further refined by 68 O.S.Supp. 2008, § 1354.20[68-1354.20](2)(a), which provides that a Streamlined Sales and Use Tax Agreement entered into by the Oklahoma Tax Commission must establish, among other things, uniform standards for "the sourcing of transactions to taxing jurisdictions."Id. (emphasis added). The Oklahoma Tax Commission has defined "sourced" as "the location for which local sales and use taxes are to be applied." OAC 710:65-18-2 (2004). Thus, the primary objective of the Streamlined Administration Act is to facilitate the determination of which taxing jurisdiction is entitled to receive sales taxes and use taxes. This objective is implemented by directing the Oklahoma Tax Commission to enter into Streamlined Sales and Use Tax Agreements with other states, and incorporating the administrative procedures in agreements for the administration of sales and use taxes between the Oklahoma Tax Commission and political subdivisions of the State. 68 O.S.Supp. 2008, § 1354.20[68-1354.20].
The purpose of entering into a Streamlined Sales and Use Tax Agreement is to reduce the burden and cost for the reporting collection of sales use taxes levied by the State and its political subdivisions. 68 O.S.Supp. 2008, § 1354.16[68-1354.16]. The Streamlined Administration Act and agreements pursuant thereto are intended to facilitate the reporting and collection of taxes and pursuant to such agreements:
 C. No law of this state, or the application thereof, may be declared invalid as to any person or circumstance on the ground that the provision or application is inconsistent with the Agreement.
68 O.S. 2001, § 1354.22[68-1354.22].
Under the Streamlined Administration Act: *Page 5 
 A. The retail sale, excluding lease or rental, of a product shall be sourced as follows:
 1. When the product is received by the purchaser at a business location of the seller, the sale is sourced to that business location;
 2. When the product is not received by the purchaser at a business location of the seller, the sale is sourced to the location where receipt by the purchaser, or the purchaser's donee, designated as such by the purchaser, occurs, including the location indicated by instructions for delivery to the purchaser or donee, known to the seller. Provided, this subsection shall not apply to florists until January 1, 2011. Prior to that date, all sales by florists shall be sourced to its business location;
 3. When the provisions of paragraphs 1 and 2 of this subsection do not apply, the sale is sourced to the location indicated by an address for the purchaser that is available from the business records of the seller that are maintained in the ordinary course of the seller's business when use of this address does not constitute bad faith;
 4. When the provisions of paragraphs 1, 2 and 3 of this subsection do not apply, the sale is sourced to the location indicated by an address for the purchaser obtained during the consummation of the sale, including the address of a purchaser's payment instrument, if no other address is available, when use of this address does not constitute bad faith; and
 5. When none of the previous rules of paragraphs 1, 2, 3 and 4 of this subsection apply, including the circumstance in which the seller is without sufficient information to apply the previous rules, then the location will be determined by the address from which tangible personal property was shipped, from which the digital good or the computer software delivered electronically was first available for transmission by the seller, or from which the service was provided, disregarding for these purposes any location that merely provided the digital transfer of the product sold. In the case of a sale of mobile telecommunications service that is a prepaid telecommunications service, the location will be that which is associated with the mobile telephone number.
68 O.S.Supp. 2008, § 1354.27[68-1354.27].
The Streamlined Administration Act addresses the reporting and collection of taxes to "taxing jurisdictions." Taxes are sourced to "taxing jurisdictions." The Streamlined Administration Act determines (1) the location of a sale and (2) which taxing jurisdictions are entitled to the sale tax revenues. Once a sale is sourced to a governing body, the tax can be apportioned under the Local *Page 6 
Development Act by a formula approved by the governing body of the local taxing jurisdiction establishing the sales TIF district.
It is, therefore, the official Opinion of the Attorney Generalthat:
 1. Article X, Section 6C of the Oklahoma Constitution and the Local Development Act (62 O.S. 2001 Supp. 2008, §§ 850 — 869) authorize cities, towns and counties to apportion local taxes such as sales and use taxes, and local fees generated by a project, within such city, town, or county, provided that the increment apportioned is reasonably determined by a formula approved by the governing body of the local taxing jurisdiction establishing the tax increment district. 62 O.S.Supp. 2008, §§ 853[62-853]; 861.
 2. For cities, towns and counties that contract with the Oklahoma Tax Commission for the collection of sales taxes, the Streamlined Sales and Use Tax Administration Act determines (1) the location for which local sales taxes are to be applied and (2) the sourcing of sales taxes to the appropriate taxing jurisdiction. Once a sale is sourced to a taxing jurisdiction it can be apportioned under the Local Development Act by a formula approved by the governing body of the city, town or county establishing a sales tax increment financing district. OKLA. CONST. art X, §§ 12, 20; 68 O.S. 2001 Supp. 2008, §§ 1354.16, 1354.20, 1354.22, 1354.27, 1370, 1371, 2701, 2702; 62 O.S.Supp. 2008, §§ 853 [62-853], 861.
 3. To the extent answer number 4 in Opinion 09-13 regarding sales TIF districts is inconsistent with this Opinion, Opinion 09-13 is modified as provided herein.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DAVID L. KINNEY ASSISTANT ATTORNEY GENERAL
[1] Answer number 4 in A.G. Opin. 09-13 pertained to sales TIF districts. Id. at *13. To the extent that answer is inconsistent with this Opinion, it is modified as provided herein.
 *Page 1